**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0228-WJM-MJW

KELLY NUANES,

    Plaintiff,

v.

NCC BUSINESS SERVICES, INC., a Florida corporation,

    Defendant.

---

**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

This matter is before the Court on Plaintiff's Motion for Attorneys Fees. (ECF No. 10.)  Having obtained judgment, Plaintiff's counsel now seeks $5,610.00 in attorney's fees pursuant to 15 U.S.C. § 1692.  The amount sought by Plaintiff's Motion is opposed by Defendant. (ECF No. 11.) For the reasons set forth below—and having reviewed the relevant materials filed by the parties—the Motion is hereby DENIED IN PART and GRANTED IN PART.

## I.  BACKGROUND

Plaintiff filed the Complaint in these proceedings on January 26, 2012. (ECF No.10.) Plaintiff alleged violations under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On March 6, 2012, Plaintiff accepted Defendant's Offer of Judgment Pursuant to Federal Rule of Civil Procedure, 68. (ECF No. 6.) Consideration of the present Motion is solely with respect to attorney's fees. (ECF No. 10.)

## II.  LEGAL STANDARD

Motions for attorney's fees are governed by Federal Rule of Civil Procedure, 54(d)(3). Under the FDCPA, such awards are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3).[1]

The starting point for calculating reasonable attorney's fees is determining the "lodestar amount" – that is, the reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).[2] Assessment of attorney's fees is a discretionary one; ever more so given the district court's understanding of the litigation and the "desirability of avoiding frequent appellate review of what are essentially factual matters." *Hensley,* 461 U.S. at 433.  Importantly, as here, the district court "need not identify and justify every hour allowed or disallowed" with respect to legal services rendered. *Malloy*, 73 F.3d at 1018. Doing so would only run counter to the "Supreme Court's warning that a request for attorney's fees should not result in. . . major litigation. *Id.*

---

[1] Typically, however, the "American Rule"  provides that "the prevailing litigant is ordinarily not entitled to reasonable attorney's fees." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975).

[2] "Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Indeed, in some cases of "exceptional success, an enhanced award may be justified." *Id.*  For reasons that are discussed below, this case does not fall into the exceptional category.  On the contrary, it is perhaps one of those cases that falls at the other end of the spectrum, where the Court must look more closely to what is, in fact, reasonable.

## II.  ANALYSIS

### A.     Reasonable Hourly Rate

To determine a reasonable hourly rate, a court must look to the "the prevailing market rate in the relevant community." *Id.* Counsel expends hours reasonably when he exercises the same "billing judgment" as would be appropriate in billing his own client. *Hensley*, 461 U.S. at 434.  Counsel should make a "good faith effort to exclude from a fee request hours that are *excessive*, *redundant*, or otherwise *unnecessary*." *Id.* (emphasis added).

Here, counsel for Plaintiff asserts a billing rate of $300.00 per hour; a rate the Court finds questionable and without sound basis.  The reason is three-fold.  First, Plaintiff relies upon several FDCPA cases supporting a rate of $300.00 per hour.[3]  Such reliance is misplaced since the vast majority of these cases were decided outside the District of Colorado. The Court finds these cases are not persuasive for the purposes of Plaintiff's motion on the issue of reasonable rate.

Second, Plaintiff's reliance on the Wynkoop Affidavit is equally misplaced. The affiant ultimately opines that the hourly rate of $300.00 is fair and reasonable based upon similarly qualified attorneys with over 10 years of experience in Denver, Colorado. *See*, (Wynkoop Aff. (ECF No.10, Exh. #1)) at ¶ 6. However, the affiant later states that Plaintiff is the "only attorney" in Denver, Colorado that specialized in FDCPA litigation. *Id.* at  ¶ 27. These asserted facts cannot stand together.  Because there is no

---

[3] *See, for example, Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360 (E.D. N.Y. 2008) (holding hourly rate of $300 was reasonable where attorney had practiced law for 17 years, focused on consumer law for 7 years, and had significant experience in consumer protection litigation.)

comparable practitioner in Denver—of similar specialized skill and experience—the affiant's statement that Plaintiff's attorney's fees are reasonable is not supported by evidence.[4]

Third, nowhere in Plaintiff's motion does he confront the fact that numerous cases in the District of Colorado have found that $250.00 is a rate that reflective of the prevailing market rate in the local community – particularly in the context of FDCPA litigation.[5] *See*, generally, *White v. Cavalry Portfolio Servs., LLC*, No. 11-cv-02217, 2012 WL 899280, at *2 (D. Colo. Mar.16, 2012) (finding $250 as reasonable attorney's fees); *Varley v. Midland Credit Mgmt., Inc.,* No. 11-cv-02807, 2012 WL 2107969, at *1 (D.Colo. June 11, 2012) (same); *King v. Midland Credit Management, Inc*, No. 11-cv-02808, 2012 WL 3590787, at *2 (D. Colo. Aug. 20, 2012). These cases prove a significant obstacle; they alone undercut the Plaintiff's purported rate.

In light of the above, the Court finds that the rate of $300.00 is excessive.  A rate of $250.00 better accords with the market rate in Denver, Colorado for FDCPA litigation – a prevailing rate that the Court finds applicable in the instant case.

### B.   Assessing the Number of Hours Expended

Plaintiff's counsel alleges to have expended 18.7 hours on this action. (ECF No. 10 at 1.)  To determine the reasonable number of hours spent on the litigation, the

---

[4] This conclusion is only reinforced in light of affidavit material filed by Defendant – including the Borenstein Affidavit which points to ranges, depending on the experience, from $225-250. *See,* (Borenstein Aff. (ECF No.11, Exh. #7)) ¶ 13-17.

[5] While broad discretion is involved in assessment of attorney's fees, that discretion is somewhat cabined by what others in this district have also found to be reasonable given that the court looks to the market rate in the local community. *White v. Cavalry Portfolio Servs., LLC*, No. 11-cv-02217, 2012 WL 899280, at *2 (D. Colo. Mar.16, 2012).

applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client. *Hensley,* 461 U.S. 424, 433-4; *Malloy*, 73 F.3d at 1018.  Importantly, "hours that are *not* properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. 424, 433-4 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir. 1980) (*en banc*)). Counsel must, therefore, make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Id.*[6]

Defendant contends that Plaintiff's expended time is excessive.  For reasons that follow, the Court agrees. On first blush of the time-sheet, it becomes clear that the suit was not one where Plaintiff's counsel was not tilling new soil.  There is little (if any) research in the services rendered, which would suggest the routine nature of the work and the chances of it being completed with some level of efficiency.  Counsel cannot have it both ways: he cannot, on the one hand, hold himself out as a specialist in FDCPA litigation; and, on the other, charge for excessive and unnecessary hours for routine meetings and preparation of work.  Based on Plaintiff's time-sheet, work rendered (and charged) in the first week of suit is illustrative of unnecessary time spent by Plaintiff's counsel – particularly given the form nature of the pleadings and the asserted ability of the practitioner himself. As such, the Court finds that a good proportion of this time, in the first week, should be deducted from the overall amount.

Moreover, and while the Court need not "justify every hour allowed or disallowed"

---

[6] The Court is mindful that trial courts need not, and indeed should not, "become green-eyeshade accountants". *See, Fox v. Vice*, --- U.S. ----, 131 S.Ct. 2205, 2217, 180 L.Ed.2d 45 (2011).

in the assessment of attorney fees, several further examples exist where services rendered are either administrative or duplicative, and which warrant percentage reduction of the total hours expended. *Malloy*, 73 F.3d at 1018. For instance, when the Court looks throughout the time-sheet, there is a steady stream of entries for electronic filings. (ECF No. 10 at 2-7.) The Court counts at least 0.7 hours of time allocated to these filings. *Id.* at 3-7. As such, these hours, amongst others, are also subtracted from the total of number of hours expended by Plaintiff because it is unreasonable for these hours to be charged since those tasks are "purely clerical". *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); and, *King,* 2012 WL 3590787, at 2. These examples — coupled with further unnecessary phone calls, meetings, and preparation of routine tasks—all warrant further reduction of the alleged 18.7 hours claimed by Plaintiff's counsel. *Id.* at 2-7.

In sum, and in the totality of the services rendered, the Court finds that a reasonable amount of time expended on this case is 10 hours. Not only is this amount reasonable for work of this nature, but it also conforms with what other courts in this district have held to be reasonable for matters similar to the instant one. *King,* 2012 WL 3590787 at *3 (holding that 10 hours is reasonable);[7] *Varley*, 2012 WL 2107969, at *2 (holding that 7.5 hours is reasonable); *Castro v. First Nat. Collection Bureau, Inc.*, 2012 WL 4468318, at *1 (D. Colo. Sept. 27, 2012) (holding 12 hours is reasonable).

---

[7] Notably, in *King*, as here, the court entered judgment against Defendant for $1,001.00, plus Plaintiff's reasonable attorney's fees and costs to the sum of $420.00. *King v. Midland Credit Management, Inc*, No. 11-cv-02808, 2012 WL 3590787, at *2 (D. Colo. Aug. 20, 2012).

### C.  Lodestar Amount

In applying the calculations previously discussed, the lodestar amount is $2,500.00 (10 hours times $250.00 per hour). The Court further finds that no special circumstances exist here to warrant adjustment of the lodestar amount. *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (stating that the lodestar amount is "presumptively reasonable").

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's Motion for Attorney's Fees (ECF. No. 10) is GRANTED IN PART to the extent that Plaintiff is awarded $2,500.00 in attorney's fees and costs of $420.00, and DENIED in all other respects.

2. Plaintiff's attorney's fees, in the amount of $2,500.00, plus stipulated costs in the amount of $420.00, SHALL BE ADDED to the current judgment of $1,001.00 and post-judgment interest per the judgment. (ECF No. 7.)

Dated this 9th day of November, 2012.

BY THE COURT:

William J. Martínez
United States District Judge